**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FREEDOM WATCH, INC., | |
| Plaintiff, | Civil Action No. 14-1832(JEB) |
| v. | |
| UNITED STATES DEPARTMENT OF STATE, et al., | |
| Defendants. | |

**MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60**

## I.    INTRODUCTION

Plaintiff Freedom Watch, Inc. ("Plaintiff") hereby brings this Motion for Relief from Judgment in the instant matter pursuant to Federal Rules of Civil Procedure 60, in light of the newly revealed emails, in excess of 15,000, that were sent and received using Hillary Clinton's private email server, which more than likely contain responsive, relevant documentation sought under Plaintiff's original Freedom of Information Act ("FOIA") request sent over three years ago.[1] Since Plaintiff's original FOIA request, Defendants U.S. Department of State and U.S Department of Treasury ("Defendants", unless individually named) have engaged in fraudulent and improper cover-up tactics to delay Plaintiff's valid requests, in service of President Obama and Hillary Clinton. These tactics served to ensure the nomination of Hillary Clinton as the

---

[1] Mark Landler, Steven Lee Myers, *Hillary Clinton's 15,000 New Emails to Get Timetable for Release*, New York Times, August 22, 2016, available at: http://www.nytimes.com/2016/08/23/us/politics/hillary-clintons-new-emails-release-state-department.html?_r=0

Democratic presidential candidate and to prevent potentially damaging documents from being released to the public, at least until Hillary Clinton has secured the presidency. However, unsurprisingly, Defendants are continuing to engage in bad-faith dilatory conduct by refusing to consent to Plaintiff's instant motion. Communications between Plaintiff and counsel for Defendants are attached hereto as **Exhibit A**. These newly revealed emails from Hillary Clinton's private emails server more than likely contain responsive and relevant information, and therefore <u>must</u> be allowed to be the subject of Plaintiff's FOIA request, in the interest of truth and justice.

## II.    STATEMENT OF RELEVANT FACTS

On September 4, 2013, Plaintiff filed a complaint in the U.S. District Court for the Middle District of Florida against Defendants on the grounds that Defendants had failed to respond to Plaintiff's FOIA request for "any and all documents that refer or relate in any way to the final decisions to grant waivers to all countries and other interests doing business with the Islamic Republic of Iran pursuant to the Comprehensive Iran Sanctions, Accountability and Divestment Act, 22 U.S.C § 8591 et. seq. or Executive Order 13553." Plaintiff's complaint was subsequently transferred to the U.S. District Court for the District of Columbia on November 3, 2014.   On April 15, 2016, this court granted Defendants' renewed Motion for Summary Judgment, and entered judgment in favor of Defendants on the basis that Defendant had fulfilled its obligation under FOIA to adequately search for responsive documents. Docket No. 63 at 5-9.

Now, the Federal Bureau of Investigation has revealed that it has recovered additional emails from Hillary Clinton's private email server—totaling in excess of 15,000 new messages not contemplated by this court when it granted Defendants' Motion for Summary Judgment.

These new emails more than likely contain relevant, responsive documentation to Plaintiff's initial FOIA request, sent over three years ago.

## III.   ARGUMENT

Pursuant to Federal Rules of Civil Procedure 60(b), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons... (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud… misrepresentation, or misconduct by an opposing party."

Here, Plaintiff is entitled to the relief sought on both grounds under Fed. R. Civ. P. 60(b). Clearly, the release of more than 15,000 new emails sent and received from Hillary Clinton's private email server constitutes newly discovered evidence, as the newly released messages are more than likely to contain responsive documentation to Plaintiff's FOIA request. This is because the Secretary of State, the office formerly held by Hillary Clinton, was one of only two bodies that had the authority to grant the above described waivers, with co-Defendant Secretary of Treasury being the other. Given that these new emails were only revealed this month, August, there is not possible way that they could have been discovered by prior to this court's granting of Defendant's Motion for Summary Judgment.

Furthermore, Defendant State Department has engaged in fraudulent activity, covering up relevant and responsive documentation as party of a pattern and practice of engaging in dilatory tactics to prevent Plaintiff from obtaining documents and records that damage their benefactors, President Obama and Hillary Clinton. It is not coincidental that these new emails were only "revealed" once Hillary Clinton has safely secured the Democratic Party nomination for president and appears to have an insurmountable lead in the polls over Republican candidate

Donald Trump. Clearly, had Hillary Clinton sold waivers in exchange for donations to the Clinton Foundation and other related recipients, and documentation of such treasonous activity were released, any chance that Hillary Clinton would have had at the presidency would have evaporated. Defendants fraudulent cover-up of responsive documentation therefore serves as additional, compelling basis on which this court must re-open this matter.

## IV.    CONCLUSION

Based on the foregoing, Plaintiff Larry Klayman respectfully requests this court grant relief from the order granting Defendant's Renewed Motion for Summary Judgment and Dismissal of this instant matter, pursuant to Fed. R. Civ. P. 60.

Dated: August 29, 2016

<div style="margin-left:40%">

Respectfully submitted,

*/s/ Larry Klayman*
Larry Klayman, Esq.
Freedom Watch, Inc.
D.C. Bar No. 334581
2020 Pennsylvania Ave, NW
Suite 345
Washington, DC, 20006
Tel: (310) 595-0800
Email: leklayman@gmail.com

</div>

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of August, 2016, a true and correct copy of the foregoing Motion for Relief from Judgment was filed and served via CM/ECF and served upon the following:

Sam M. Singer
U.S. Department of Justice
20 Massachusetts Ave, NW, #7145
Washington, DC, 20530
Samuel.m.singer@usdoj.gov

EXHIBIT A

8/29/2016      Freedom Watch v. State Dept. 14-cv-01832 (Iran Waiver Docs.)

Case 1:14-cv-01832-JEB Document 64 Filed 08/29/16 Page 7 of 9



**Oliver Peer <oliver.peerfw@gmail.com>**

---

# Freedom Watch v. State Dept. 14-cv-01832 (Iran Waiver Docs.)

4 messages

---

**Larry Klayman** <leklayman@gmail.com>                                   Wed, Aug 24, 2016 at 3:51 PM
To: "Singer, Samuel M. (CIV)" <Samuel.M.Singer@usdoj.gov>
Cc: Dina James <daj142182@gmail.com>, Oliver Peer <oliver.peerfw@gmail.com>

Dear Mr. Singer:

In light of the recent revelation of 15K plus Hillary Clinton email documents and records that were retrieved by the FBi from the former secretary's private email server and your client's failure to disclose this to the court, we will be moving to reopen the case and to vacate the prior dismissal order.

Will you consent to reopen the case pursuant to Rule 60 of the FRCP ?

We reserve our right to seek sanctions against you if you do not agree given the egregious circumstances of this apparent cover-up. Indeed, it should be you as an attorney of the U.S. Department of Justice, given the duty you owe as a public servant to the public as well as your client, who should have notified Judge Boasberg of this newest disclosure in the context of this case, which was dismissed, argued on appeal, remanded and then dismissed again under false pretenses.

Thus, it is your duty under any applicable Code of Professional Responsibility to consent to reopen this case in the interests of justice so as not to further an on-going fraud on the court and the public with regard to the production of records legitimately requested under the Freedom of Information Act. This is particularly so given that this case is going on 3 years since it was first filed.

Please govern yourself accordingly.

Larry Klayman

---

**Larry Klayman** <leklayman@gmail.com>                                   Wed, Aug 24, 2016 at 6:02 PM
To: "Singer, Samuel M. (CIV)" <Samuel.M.Singer@usdoj.gov>
Cc: Dina James <daj142182@gmail.com>, Oliver Peer <oliver.peerfw@gmail.com>

PLEASE PROVIDE YOUR CONSENT BY COB AUGUST 25, 2016. OTHERWISE WE WILL MOVE THE NEXT MORNING AND REQUEST SANCTIONS.

LARRY KLAYMAN
[Quoted text hidden]

---

**Singer, Samuel M. (CIV)** <Samuel.M.Singer@usdoj.gov>                   Fri, Aug 26, 2016 at 9:30 AM
To: Larry Klayman <leklayman@gmail.com>
Cc: Dina James <daj142182@gmail.com>, Oliver Peer <oliver.peerfw@gmail.com>

Mr. Klayman,


We do not agree to your proposed rule 60(b) motion, nor do we believe that a search of the newly transferred information would be appropriate in this closed case.  In light of the fact that no previous search uncovered responsive material, it is not reasonably likely that this set of documents would contain responsive material.  Further, as you were recently advised, Judge Boasberg is overseeing a review process by which the first disc of records that the FBI delivered to State will be appraised and any nonexempt, agency records will be processed and posted publicly to State's website.

Sam Singer

**Sam M. Singer**

Trial Attorney | U.S. Department of Justice

Civil Division | Federal Programs Branch

Direct Dial: (202) 616-8014

Fax: (202) 616-8460

Mailing Address:

P.O. Box 883

Washington, D.C. 20044

Courier Address:

20 Massachusetts Avenue, N.W.

Washington, D.C.  20530

**From:** Larry Klayman [mailto:leklayman@gmail.com]
**Sent:** Wednesday, August 24, 2016 6:52 PM
**To:** Singer, Samuel M. (CIV)
**Cc:** Dina James; Oliver Peer
**Subject:** Freedom Watch v. State Dept. 14-cv-01832 (Iran Waiver Docs.)

[Quoted text hidden]

---

**Larry Klayman** <leklayman@gmail.com>                               Sat, Aug 27, 2016 at 2:00 PM
To: "Samuel M. Singer (CIV)" <Samuel.M.Singer@usdoj.gov>, "Berman, Julia (CIV)" <Julia.Berman@usdoj.gov>, Elizabeth
Shapiro <elizabeth.shapiro@usdoj.gov>, "Gilligan, Jim (CIV)" <James.Gilligan@usdoj.gov>
Cc: Oliver Peer <oliver.peerfw@gmail.com>, Dina James <daj142182@gmail.com>

Dear Mr. Singer:

Regrettably, I expected this type of response, as the Obama Justice Department and in particular the Federal Programs
Branch has become so totally politically compromised that it would further criminal and other misconduct by Hillary
Clinton. As a former Justice Department prosecutor I am ashamed of what my former agency has become.

You refusal to do the ethical and correct thing amounts not just to obstruction of justice, but violates several rules of
professional responsibly. In addition to moving Judge Boasberg to reopen the case, I have an ethical obligation to  refer
this matter to appropriate ethical and legal authorities with regard to you and your supervisors. The Honorable Andrew
Hanen in the Southern District of Texas previously found similar unethical conduct by attorneys in the Federal Programs
Branch and the Obama Justice Department in a case involving executive acton on immigration amnesty. Apparently, you

and your section have not learned from this unfortunate ruling and experience.

Please govern yourselves accordingly,


Larry Klayman, Esq.

Freedom Watch

[Quoted text hidden]