UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FREEDOM WATCH, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF STATE, <br><br> Defendant. | Civil Action No. 14-1832 (JEB) |

## MEMORANDUM OPINION

Pursuant to a Freedom of Information Act request, Plaintiff Freedom Watch, Inc., seeks documents relating to a type of sanctions waiver the U.S. State Department granted to certain countries doing business with Iran. The Court previously granted summary judgment to State in 2015, concluding that it had adequately but unsuccessfully searched for such records. See Freedom Watch, Inc. v. U.S. Dep't of State (Freedom Watch I), 77 F. Supp. 3d 177 (D.D.C. 2015). During the pendency of Plaintiff's appeal therefrom, it was publicly revealed that former Secretary of State Hillary Clinton had used a personal email and server to conduct Department business. Reopening the case, the Court subsequently oversaw State's search of those emails for responsive records and in April 2016 again granted its summary-judgment motion. See Freedom Watch, Inc. v. U.S. Dep't of State (Freedom Watch II), 2016 WL 1555672 (D.D.C. Apr. 15, 2016). When news broke a few months later that the Federal Bureau of Investigation had recovered and given to State thousands of new documents related to Clinton's personal email and server, Freedom Watch filed the instant Motion for Relief from Judgment, which the Court will now deny.

1

**I.      Background**

On May 21, 2013, Plaintiff submitted the following FOIA request to the U.S. State and Treasury Departments:

> Any and all documents that refer or relate in any way to the final decisions to grant waivers to all countries and other interests doing business with the Islamic Republic of Iran pursuant to the Comprehensive Iran Sanctions, Accountability, and Divestment Act [CISADA], 22 U.S.C. § 8501 et[] seq. or Executive Order 13553.

ECF No. 57-2 (Declaration of John F. Hackett), Exh. 1 at 2.  Upon receipt of this request, State undertook several detailed steps, including the search of eleven separate offices or records systems.  See Freedom Watch I, 77 F. Supp. 3d at 179-80.  No responsive documents were located.  Id. at 180.  Unsatisfied with that result, Plaintiff brought suit and State (Treasury having been dismissed) moved for summary judgment.  Id.  In granting judgment on the adequacy of the search — the only issue Plaintiff had raised — the Court rejected several challenges, finding that: (1) four press releases trumpeted by Freedom Watch as having not been produced were, in actuality, not responsive to the request; (2) Defendant was not required to also search for documents relating to waivers issued under the National Defense Authorization Act of 2012, where the request had exclusively cited CISADA and Executive Order 13553; (3) State had consulted with appropriate individuals in conducting the search; and (4) discovery regarding the search process was not warranted.  Id. at 182-83.

Plaintiff appealed, and fairly soon thereafter, news reports about Clinton's private email account and server appeared.  Seizing on this development, Freedom Watch asked the Court of Appeals to remand the matter for discovery and an order to show cause why Clinton should not be held in contempt.  The D.C. Circuit ultimately ordered that "the case be remanded for the district court to manage record development and oversee the search of the former Secretary's

emails for records responsive to Freedom Watch's FOIA request." ECF No. 54 (Mandate). The Court of Appeals further ordered that "the motion for discovery and other relief be denied without prejudice to Freedom Watch seeking the same relief from the district court on remand." Id.

This Court immediately set a status conference, at which it ordered the government to search the emails in its possession and advise Plaintiff of the results. See Minute Orders of Nov. 3, 2015, and Nov. 24, 2015. State did so and then renewed its motion for summary judgment, explaining that it had "conducted a supplemental search" of "approximately 30,000 e-mails, comprising approximately 52,455 pages," and located no responsive records. See Hackett Decl., ¶¶ 10-11, 14 (footnote omitted). Freedom Watch believed Defendant's efforts were insufficient and opposed the motion on essentially the same grounds that the Court had previously found wanting.

The Court concluded that State's search for responsive materials contained in the new Clinton emails was adequate, finding that: (1) State's search was not deficient simply because it found no responsive documents, and the myriad press releases and newspaper articles Plaintiff cited did not suggest otherwise, as none mentioned CISADA or Executive Order 13553, the subjects of Plaintiff's FOIA request; (2) discovery was not warranted; and (3) Defendant was not required to canvass offices within State for documents, as the search was limited to a fixed set of emails. See Freedom Watch II, 2016 WL 1555672, at *4-5. The Court, accordingly, granted State's renewed motion for summary judgment. Id. at *5.

A few months after the Court again entered judgment in favor of Defendant, and while Plaintiff's appeal was pending, "the FBI delivered to State discs containing information recovered by the FBI during the course of its investigation into former Secretary Clinton's use of

a personal email account." Opp. at 3-4. This Court, in fact, is overseeing in another matter the review of approximately 14,900 emails on the first of those discs. See Judicial Watch, Inc. v. U.S. Dep't of State, No. 15-687, Minute Orders of Aug. 22, 2016, and Sept. 23, 2016. In light of those new emails, Freedom Watch has now filed a Motion for Relief from Judgment under Federal Rules of Civil Procedure 60(b)(2) and (3). See Mot. at 3.

## II.     Legal Standard

Federal Rule of Civil Procedure 60(b) governs the vacating of judgments. As relevant here, it permits the Court to "relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," and "(3) fraud . . . , misrepresentation, or misconduct by an opposing party."

To obtain relief from a judgment under Rule 60(b)(2), a movant must demonstrate that:

> (1) the newly discovered evidence [is] of facts that existed at the time of trial or other dispositive proceeding, (2) the [party seeking relief] must have been justifiably ignorant of [the evidence] despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching.

Lightfoot v. District of Columbia, 555 F. Supp. 2d 61, 68 (D.D.C. 2008) (quoting United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 392 (2d Cir. 2001)) (alterations in original).

To obtain relief under Rule 60(b)(3), a movant must demonstrate that the "fraud prevented him or her from fully and fairly presenting his or her case, and that the fraud is attributable to the party or, at least, to counsel." Green v. Am. Fed. of Labor & Congress of Indus. Orgs., 811 F. Supp. 2d 250, 253 (D.D.C. 2011) (citation and internal quotation marks omitted).

### III. Analysis

Given that Plaintiff seeks relief under both subsections of the Rule, the Court will look at each separately. As to Rule 60(b)(2), Freedom Watch contends that the thousands of recovered emails constitute newly discovered evidence. See Mot. at 3. State initially took the position that Plaintiff was not entitled to relief under 60(b)(2) because it could not demonstrate that the new emails "probably would have changed the outcome." Opp. at 5 (quoting Epps v. Howes, 573 F. Supp. 2d 180, 185 (D.D.C. 2008)). Its first two searches were so comprehensive, it argued, that "the only reasonable inference" to be drawn was "that a search of the FBI materials" using the same search terms "would yield the same result, that is, no responsive records." Id. at 6.

The Court found this argument potentially problematic, given that State could not know what the new emails contained absent a search, and communicated its skepticism to the parties at a status hearing. See Minute Order of Oct. 6, 2016. State thus agreed to file a Supplemental Opposition, see id., and did so on October 13, 2016. See ECF No. 69. In it, Defendant explained that it had searched the new documents provided to it by the FBI and located no responsive records. See id. at 2. According to Eric F. Stein, the Acting Co-Director of the Office of Information Programs and Services at State, the Department's search efforts involved the following steps:

> An A/GIS/IPS Analyst with knowledge of both the request and the relevant records system conducted a full-text search of the documents provided to the Department by the FBI. The analyst searched these electronic records using the search terms: "Iran" or "Sanctions" or "13553" or "Comprehensive Iran Sanctions, Accountability, and Divestment Act" or "CISADA" as separate search terms in combination with "Grant Waivers" or "Business." There was no date restriction.

ECF No. 69-1 (Declaration of Eric F. Stein), ¶ 6.

This search used the same terms employed in the two prior searches, each of which the Court found adequate. See Freedom Watch II, 2016 WL 1555672, at *2; Freedom Watch I, 77

F. Supp. 3d at 181-83; Stein Decl. ¶ 6.  This method continues to appear entirely reasonable to the Court; indeed, Freedom Watch in its Reply does not even challenge the manner of the search.

Because Defendant's adequate search revealed no responsive records, it is clear that the documents given to State by the FBI after the Court's April 2016 judgment would not "have changed the outcome" of the prior proceedings.  See Epps, 573 F. Supp. 2d at 185 (quoting Lightfoot, 555 F. Supp. 2d at 66-67).  Plaintiff thus is not entitled to relief under Rule 60(b)(2).

As to Rule 60(b)(3), Plaintiff has presented absolutely no evidence of fraudulent activity related to State's searches, let alone the requisite "clear and convincing evidence." Shepherd v. Am. Broadcasting Cos., Inc., 62 F.3d 1469, 1477 (D.C. Cir. 1995).  In addition, there is no evidence that State had possession of any of the emails recently provided to it by the FBI at the time of its earlier searches.  In fact, Freedom Watch's sole argument in response to State's contention that Plaintiff is not entitled to 60(b)(3) relief is a request for discovery — specifically, depositions of "the individuals who signed affidavits on behalf of the U.S. Department of State." Reply at 2.  But as this Court has twice before explained, discovery is neither necessary nor appropriate here.  See Freedom Watch II, 2016 WL 1555672, at *4; Freedom Watch I, 77 F. Supp. at 183.  Perhaps the third time will be the charm.  Again,

> "[d]iscovery is generally inappropriate in a FOIA case." Gov't Accountability Project v. U.S. Dep't of Justice, 852 F. Supp. 2d 14, 27 n.5 (D.D.C. 2012) (citation and quotation marks omitted).  More important, Plaintiff here has offered no valid reason to question the good faith or efficacy of State's search.  See Military Audit Project v. Casey, 656 F.2d 724, 751 (D.C. Cir. 1981) (affirming denial of discovery where appellants had not "succeeded in raising substantial questions . . . concerning the substantive content of the affidavits relied upon by defendants") (ellipsis in original; internal quotation marks and footnote omitted).

Freedom Watch II, 2016 WL 1555672, at *4 (quoting Freedom Watch I, 77 F. Supp. at 183) (emphasis added).  Plaintiff is not entitled to relief under 60(b)(3) either.

**IV.     Conclusion**

For the foregoing reasons, the Court will deny Plaintiff's Motion for Relief from Judgment. A separate Order so stating will issue this day.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date:  October 21, 2016